UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IN RE EX PARTE APPLICATION OF
CHINA PETROCHEMICAL
DEVELOPMENT CORPORATION FOR
AN ORDER PURSUANT TO 28 U.S.C. §
1782 TO CONDUCT DISCOVERY FOR
USE IN FOREIGN PROCEEDINGS

Case No. 3:17-mc-00157 (SRU)

# RULING AND ORDER ON MOTION TO QUASH SUBPOENA

China Petrochemical Development Corporation ("CPDC"), a Taiwanese chemical company, initiated an arbitration against Praxair, an American industrial gas company, in Taipei before the International Chamber of Commerce's International Court of Arbitration (the "ICC Arbitration"). CPDC obtained a subpoena from this court pursuant to 28 U.S.C. § 1782, which was served upon Dr. Anne K. Roby, a Senior Vice President of Praxair. Dr. Roby has moved to quash the section 1782 subpoena. For the reasons that follow, Dr. Roby's motion is **granted**.

## I. Background

In 1998, CPDC entered into a joint venture agreement ("JV Agreement") with Praxair. Pursuant to that agreement, CPDC and Praxair formed a joint venture company called Praxair Chemax Semiconductor Materials Company Limited ("PCSM"). Mem. Supp. Mot. Quash Subpoena, Doc. No. 33-2, at 3. On January 23, 2017, CPDC— alleging that Praxair had taken several actions that did not comply with the JV Agreement—initiated the ICC Arbitration against Praxair in Taipei. *See id.* at 4.

The JV Agreement contained a binding arbitration clause, which provided that all disputes arising out of the Agreement must be settled by binding commercial arbitration in Taipei before the International Court of Arbitration. *Id.* In accordance with that clause, on

August 28, 2017, I granted CPDC's *ex parte* application for discovery under 28 U.S.C. § 1782, and Rules 26, 30, and 45 of the Federal Rules of Civil Procedure. I ordered that all documents requested from Dr. Anne K. Roby ("Dr. Roby"), a Senior Vice President of Praxair who served as Vice Chairman of PCSM's board of directors until January 10, 2017, be produced within 30 days of service. On August 30, 2017, CPDC issued a Subpoena on Dr. Roby, seeking documents and Dr. Roby's deposition. On October 5, 2017, Dr. Roby filed a motion to quash the subpoena in its entirety. On October 19, 2017, CPDC filed an opposition to Dr. Roby's motion to quash the subpoena. Dr. Roby filed a reply memorandum in further support of its motion to quash the subpoena on October 27, 2017.

**II. Legal Standard**

Pursuant to 28 U.S.C. § 1782(a), "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." Such an order "may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced before a person appointed by the court." *Id.*

I am authorized to grant an application under section 1782 if the following three statutory requirements are met: (1) the person from whom discovery is sought lives in, or is found, within the district; (2) the discovery is for use in a proceeding before an international or foreign tribunal; and (3) the application is made by a foreign or international tribunal or any interested person. *In re Esses*, 101 F.3d 873, 875 (2d Cir. 1996).

Rule 26(c) of the Federal Rules of Civil Procedure authorizes a district court to modify or quash a subpoena "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *In re Edelman*, 295 F.3d 171, 178 (2d Cir. 2002).

### III. Discussion

The motion to quash presents two disputed issues: first, whether 28 U.S.C. § 1782 applies to private foreign arbitration proceedings, and second, whether the discovery sought by the subpoena at issue is "for use" in the three civil actions currently pending before the Taiwanese courts, in addition to the ICC Arbitration. Because the parties require a ruling on the first issue by December 4, 2017—the deadline for discovery in the ICC Arbitration—I will address only the first issue in this ruling and will address the second issue, if necessary, in due course.

In determining whether CPDC's application satisfies the statutory requirements for discovery under section 1782, the threshold question is whether the Supreme Court's 2004 *Intel* decision abrogated the Second Circuit's precedent in *NBC v. Bear Sterns & Co.*, 165 F.3d 184, 185 (2d Cir. 1999). In *NBC*, the Second Circuit held that section 1782 cannot be used in aid of private commercial arbitrations. I conclude that *Intel* did not explicitly or implicitly abrogate *NBC*.[1] Therefore, I am bound by Second Circuit precedent to grant Dr. Roby's motion to quash with respect to the ICC Arbitration.

In *NBC*, the Court concluded that section 1782 did not permit discovery in aid of a commercial arbitration conducted in Mexico by the International Chamber of Commerce—a private organization headquartered in France—because the commercial arbitration was not a

---

[1] This is an issue about which district courts have disagreed. *Compare In re Ex Parte Application of Kleimar N.V.*, 220 F. Supp. 3d 517, 521 (S.D.N.Y. 2016) *with In re Application of Grupo Unidos Por El Canal S.A.*, 2015 WL 1815251, at *8 (N.D. Cal. Apr. 21, 2015).

3

"proceeding in a foreign or international tribunal." 165 F.3d at 185 (quoting 28 U.S.C. § 1782). The Second Circuit determined that the term "foreign or international tribunal" was sufficiently ambiguous that it did not necessarily include or exclude the arbitration panel at issue. *Id.* at 188. The Court then looked to the legislative history and purpose of the 1964 revisions to section 1782 for guidance. *Id.* at 188–89. After examining the legislative history, the Second Circuit noted that it was "apparent in context that the authors of these reports had in mind only governmental entities," and concluded that the "absence of any reference to private dispute resolution proceedings such as arbitration strongly suggests that Congress did not consider [private arbitration proceedings] in drafting the statute." *Id.* at 189 (citing H.R. Rep. No. 88-1052 at 9 (1963); S. Rep. No. 88-1580 at 3788 (1964)). The Court also noted that policy considerations such as efficiency and cost effectiveness in private arbitration proceedings would likely be compromised if the broad-ranging discovery permitted in federal court proceedings were permitted in private arbitration under section 1782. *Id.* at 190–91. Finally, the Court stated that if no provision for extensive discovery had been made in the parties' arbitration contract, neither party should be "deprived of its bargained-for efficient process" by the other party's "tactical use" of discovery pursuant to section 1782. *Id.* at 191.

Five years later, in *Intel*, the Supreme Court held that an "interested person" included a "complainant" under section 1782 where the "complainant" sought to trigger an investigation by the Directorate-General for Competition of the Commission of the European Communities, the primary antitrust law enforcement body for the European Union. 542 U.S. at 246. To provide background regarding the 1964 revisions to section 1782, the Court included a citation to a law review article written by Hans Smit that stated that the "term tribunal encompasses all bodies that have adjudicatory power, and is intended to include not only civil, criminal, and

administrative courts (whether sitting as a panel or composed of a single judge), but also arbitral tribunals or single arbitrators." *Id.* at 248; *see also* Hans Smit, International Litigation Under the United States Code, 65 Colum. L. Rev. 1015, 1021-22, and nn. 36, 38 (1965).

Although the law review article cited by the Supreme Court included the words "arbitral tribunals", the question whether a private foreign arbitration tribunal also qualifies as a "tribunal" under section 1782 was not at issue in *Intel*. The Supreme Court did not discuss overturning *NBC* or *Republic of Kazakhstan v. Biedermann International*, 168 F.3d 880 (5th Cir. 1999), a Fifth Circuit decision that followed *NBC*. The Court's only mention of private arbitration in *Intel* was a single quote from Smit's law review article. The context of that single citation, within a string cite, does not suggest that the Court intended to decide whether a private foreign arbitration tribunal also qualifies as a "tribunal" under section 1782, and did not in any way purport to abrogate *NBC*. Therefore, I conclude that the Second Circuit's decision in *NBC* is still good law and that it governs the issue of the availability of section 1782 in the present case.

Dr. Roby's Motion to Quash the Subpoena Issued Pursuant to 28 U.S.C. § 1782 (Doc. No. 33) is **granted**. Within thirty days of this order, CPDC shall inform the court whether or not it wishes to pursue section 1782 discovery in aid of one or more of the judicial proceedings pending in the Taiwanese courts. CPDC's Motion to Seal Opposition to Respondent's Motion to Quash (Doc. No. 36) and Dr. Roby's Motion to Seal Certain Submissions (Doc No. 39) are both **granted**.

So ordered.

Dated at Bridgeport, Connecticut, this 28th day of November 2017.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge